# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Nagi Quhshi,<br>　　　　Plaintiff | Southern District | Dale E. Ho |
| -against- | Date the Order or Judgment Appealed from was Entered on the Docket:<br>9/29/25 | District Court Docket No.:<br>23cv7935(deh) |
| The Hartford Underwriters Insurance Company,<br>　　　　Defendant. | Date the Notice of Appeal was Filed:<br>10/10/25 | Is this a Cross Appeal?<br>☐ Yes　☑ No |

| Attorney(s) for Appellant(s):<br>☑ Plaintiff<br>☐ Defendant | Counsel's Name:<br>Joseph A. Altman<br>718.378.4898. | Address:<br>654 N Terrace Avenue Fleetwood NY 10552 | Telephone No.:<br>917.509.5454. | Fax No.: | E-mail:<br>altmanesq@aol.com |
|---|---|---|---|---|---|

| Attorney(s) for Appellee(s):<br>☐ Plaintiff<br>☑ Defendant | Counsel's Name: | Address: | Telephone No.: | Fax No.: | E-mail: |
|---|---|---|---|---|---|
| | Menz Bonner Komar & Koenigsberg LLP 800 Westchester Avenue, Suite 641-N Rye Brook, NY 10573, 914.949.0222, n/a mdriscoll@mbkklaw.com | | | | |

| Has Transcript Been Prepared?<br>n/a | Approx. Number of Transcript Pages:<br>zero | Number of Exhibits Appended to Transcript:<br>zero | Has this matter been before this Circuit previously? ☐ Yes ☑ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:　　　Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A":* COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B":* COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party　　☑ Diversity | ☑ Final Decision　　☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☐ Federal question (U.S. not a party)　　☐ Other (specify): _____ | ☐ Interlocutory Decision Appealable As of Right　　☐ Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

FORM C (Rev. October 2025)

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**
- [x] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**
- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [x] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**
- [x] Damages:
  - [x] Sought: $ 369,800.14
  - [ ] Granted: $
  - [ ] Denied: $
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

Action was dismissed based upon an alleged failure to comply with discovery orders

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**
- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [x] Other (specify): none
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright □ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**
- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**
- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [x] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**
- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**
- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**
- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7.** Will appeal raise constitutional issue(s)?
- [ ] Yes
- [x] No

Will appeal raise a matter of first impression?
- [ ] Yes
- [x] No

---

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____ [x] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   - (A) Arises from substantially the same case or controversy as this appeal? [ ] Yes [x] No
   - (B) Involves an issue that is substantially similar or related to an issue in this appeal? [ ] Yes [ ] No

If yes, state whether □ "A," or □ "B," or □ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant:

| Date: 10/23/25 | Signature of Counsel of Record: |
|---|---|

## NOTICE TO COUNSEL

Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only **14 days** in which to complete the following important steps:
1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. October 2025)

## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

### Addendum A
### Description of the Nature of the Action

This action commenced in state court and was removed to federal court. The Plaintiff, Nagi Quhshi, sued to recover on an insurance policy, for damage to an apartment and to its contents, in the amount of $369,800.14.

Defendant sought discovery from Plaintiff. Plaintiff initially provided a verified response to Defendant's interrogatories. Plaintiff provided documents in response to Defendant's request for documents. Plaintiff responded to Defendant's notice to admit. Plaintiff then emailed further responses to what the Defendant alleged was outstanding. Plaintiff provided more documents and/or pictures via Dropbox. Plaintiff then filed a supplemental response to interrogatories, and a supplemental response to Defendant's document requests

On April 10, 2024, the Court ordered the Plaintiff to "produce to Defendant a numbered list of responses to Defendant's discovery demands, with a separate entry corresponding to each interrogatory, request for production, and/or other discovery demand." On May 9, 2024, Defendant filed a motion for discovery sanctions. Plaintiff opposed the motion, and submitted a Second Supplemental Response to Interrogatories.

In an Opinion and Order entered on September 29, 2025, the Court found that Plaintiff did not comply with discovery. The Court sanctioned the Plaintiff in the form of dismissing the case, and ordering the Plaintiff's attorney to pay legal fees and reasonable expenses to Defendant for Defendant's "efforts between January and May 2024 to secure discovery from Plaintiff" (p. 18).

## Addendum B

1. Did the Plaintiff either comply with discovery or make a good-faith effort to comply with discovery, such that the Plaintiff should not have been sanctioned in the form of having the action dismissed and being ordered to pay legal fees and reasonable expenses, to the opposing party?

   Standard of Review: The Court reviews this issue for an abuse of discretion.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

D3 International Ltd

                        Plaintiff,

                                        **ADDENDUM A**
        -against-                        Docket No.
                                         23-408
                                         DC:1:21-cv-06409
                                         (LJL) (DCF)

AGGF Cosmetic Group SpA. &
Cosmetic Group, Srl.

                        Defendants

_____

## DESCRIPTION OF THE NATURE OF THE ACTION

The Plaintiff's causes of action against the

Defendants are for breach of contract and unjust

enrichment. The Plaintiff is a New York cosmetic

distributor and the Defendants are Italian cosmetic

manufacturers. The Parties entered into a contractual

agreement in which the Plaintiff would be the exclusive

distributor of the Defendants' products in the United

States for as long as the Defendants continued to market

their products in the United States. The Plaintiffs spend

hundreds of thousands of dollars in promotional expenses on

the Defendants' products relying on their exclusive

distribution agreement. The Defendants breached their

contractual agreement with the Plaintiffs by allowing other

United States cosmetic distributed to their products in the

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-----------------------------------------------------------------x

WINDWARD BORA, LLC,                                    :

                                           :     Case No.: 0:2023cv00748

               Plaintiff,       :

                                           :     Southern District

                         -against-            :        Case No.:
1:20-cv-04748

                                         :_____

ROYSTON D. BROWNE, CONSTANCE     :
**R. BROWNE,**                            :     **Addendum B**

                                         :_____

                      Defendants.     :_____
-----------------------------------------------------------------x

1. Should this Court affirm the dismissal of this action due to the Plaintiff's failure to comply with RPAPL § 1301(3), when New York's recently passed Foreclosure Abuse Prevention Act removes judicial discretion and mandates a dismissal for failure to comply with RPAPL 1301(3)?

   <u>Standard of Review</u>: The Court reviews this issue under a *de novo* standard of review.

2. Assuming that the lower Court has discretion to overlook the Plaintiff's failure to comply with RPAPL § 1301(3), is the lower court correct in holding (1) that the Plaintiff "has not even requested leave under § 1301(3)," and (b) "that there are no special circumstances here that manifestly require" the Court to overlook the failure to comply with RPAPL § 1301(3)?

   <u>Standard of Review</u>: The Court reviews this issue for abuse of discretion.

3. Did the court err in holding that the Plaintiff has standing to commence this action, when the promissory note bears a specific indorsement to Gustavia Home LLC, who then became the holder of the note, and who did not indorse the note to Windward Bora LLC?

   <u>Standard of Review</u>: The Court reviews this issue under a *de novo* standard of review.

4. Did the court err in holding that any interest held by the Plaintiff was not extinguished by a state foreclosure action, with the Plaintiff, who allegedly holds a junior note, limited to an action to recover surplus funds?

   <u>Standard of Review</u>: The Court reviews this issue under a *de novo* standard of review.

5. Did the court err in holding that the action is not time-barred?

   <u>Standard of Review</u>: The Court reviews this issue under a *de novo* standard of review.

6. Did the court err in holding that there was diversity jurisdiction on the grounds that the only member of the Plaintiff is a foreign citizen, when 28 U.S. Code § 1332(a) requires

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

NAGI QUHSHY

_____

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

The HARTFORD underwriters

Insurance Company

(List the full name(s) of the defendant(s)/respondent(s).)

23 CV 7935 (DEK)(   )

**NOTICE OF APPEAL**

Notice is hereby given that the following parties: NAGI QUHSHI

_____

(list the names of all parties who are filing an appeal)

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the ☐ judgment ☑ order entered on: September 29, 2025

(date that judgment or order was entered on docket)

that: Dismissed the plaintiff's Action, Along with a

Separate Award of Monetary Sanctions, As Against the Plaintiff's

(If the appeal is from an order, provide a brief description above of the decision in the order.) Attorney.

| | |
|---|---|
| 10/9/25 | Joseph A. Altman |
| Dated | Signature |

Altman, Joseph A

Name (Last, First, MI)

654 N. Terrace Avenue, Fleetwood NY 10552

Address            City            State            Zip Code

917-509-5454

Telephone Number

AltmanEsq@aol.com

E-mail Address (if available)

_____

*Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case. Fed. R. App. P. 3(c)(2). Attach additional sheets of paper as necessary.

Rev. 12/23/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NAGI QUHSHI,

                Plaintiff,

       v.

THE HARTFORD UNDERWRITERS
INSURANCE COMPANY,

                Defendant.

---

23 Civ. 7935 (DEH)

**OPINION
AND ORDER**

DALE E. HO, United States District Judge:

Currently before the Court is a Motion for Sanctions filed by Defendant Hartford Underwriters Insurance Company ("Hartford"). ECF No. 37. Hartford's Motion is filed pursuant to Rules 37(b)(2)(A) and 37(b)(2)(C) of the Federal Rules of Civil Procedure,[1] and the Motion is based on Plaintiff Nagi Quhshi's repeated failures to comply with this Court's Orders regarding discovery. Hartford asks that the Complaint be dismissed with prejudice. Alternatively, it requests that the Court issue an order deeming various facts established for the purposes of this action and/or precluding Plaintiff from presenting witnesses or evidence supporting his claims with respect to those facts. Hartford also seeks attorney's fees. For the reasons explained below, Hartford's Motion for Sanctions is **GRANTED**.

## BACKGROUND

This is an insurance case removed from New York state court on September 7, 2023. ECF No. 1. The parties filed their proposed Case Management Plan on September 29, 2023, ECF No. 10, which was "so ordered" by the Court the same day, ECF No. 11. The Case Management Plan included a notation from the Court directing the parties to "commence discovery promptly,"

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

documents responsive to Defendant's document demands or state that no such documents exist, and reply to all requests to admit by February 9, 2024." *Id.*

Plaintiff subsequently responded to Hartford's interrogatories, and he produced some materials responsive to the company's document requests. But these responses and productions were meager. Therefore, on February 15, 2024, Hartford filed another letter objecting to the "substantially deficient discovery responses from Plaintiff" and requesting "a 60-day extension of all remaining case deadlines so as to not be prejudiced in its diligent efforts to defend against Plaintiff's claims in this action." ECF No. 19 at 1. The Court again provided Plaintiff an opportunity to respond, ordering him to, by February 21, 2024, "address the deficiencies identified in Defendant's letter and [to] explain[] his efforts to diligently complete discovery by previously-ordered timelines." ECF No. 20. After reviewing Plaintiff's response, the Court held that "[t]he parties' letters and exhibits make clear that Plaintiff [had] not adequately" "respond[ed] to Defendant's discovery demands. . . ." ECF No. 22. The Court ordered, *inter alia*, that Plaintiff "shall produce responsive documents and information as soon as possible and no later than March 8, 2024," and it extended the deadlines for the parties to complete deposition, fact discovery, and expert discovery. *Id.* The Court ended by cautioning Plaintiff "that failure to meaningfully participate in discovery and address Defendant's meritorious concerns [could] result in sanctions, including the deeming of certain matters admitted for purposes of any motion for summary judgment." *Id.*

Plaintiff again provided substandard discovery responses to Hartford, prompting Hartford to file a letter on March 21, 2024, stating as much. *See* ECF No. 23. The Court ordered Plaintiff to respond by "explain[ing] why [his] responses to Defendant's discovery request compl[ied] with the Court's prior orders regarding deficiencies in his response, *see* ECF Nos. 18, 22." ECF No. 24. Plaintiff filed a letter on March 27, 2024, ECF No. 26, and the following day, the Court issued an

assessment of Defendant's legal fees in securing compliance and the deeming of certain matters admitted." *Id.*

Despite being clearly ordered by the Court to amend its discovery responses and productions by April 17, 2024, Plaintiff failed to do so. Hartford filed a letter with the Court on April 22, 2024, noting that "Plaintiff ha[d] not provided any additional discovery responses." ECF No. 32 at 2. Based on Plaintiff's repeated failure to comply with this Court's discovery-related orders, Hartford requested that the Court either strike the Complaint or issue an Order "deeming it admitted that the items of inventory and merchandise for which Plaintiff seeks insurance coverage from Hartford were not lost or destroyed and/or precluding Plaintiff from presenting any witnesses or evidence supporting its damages claims in this action." *Id.* at 3. Hartford also moved for the Court to issue "an Order directing that Plaintiff reimburse Hartford for all its expenses, including attorney's fees, incurred by Hartford in making the instant sanction motion and multiple submissions seeking to compel Plaintiff to respond to Hartford's discovery demands and produce documents in this action." *Id.*

The Court endorsed Hartford's letter on April 23, 2024, noting that "notwithstanding [its April 10] order and three prior orders directing Plaintiff to provide adequate discovery responses, Plaintiff ha[d] not provided any additional responses," and ordering Plaintiff to "provide his verified discovery responses as required by the April 10, 2024, order to Defendant as soon as possible and [to] file a letter on ECF confirming that he has done so no later than April 26, 2024." ECF No. 33. The Court also set a briefing schedule for this Motion for Sanctions. *Id.*

Plaintiff did not respond until April 29, 2024. ECF No. 34. In that response, and regarding the Court's April 10 Order, Plaintiff wrote "[a]s to providing additional Discovery, following the April 10, 2024 conference, where the Court reviewed the Defendant's Objections and the Plaintiff's Responses, and then the Court's April 10, 2024 Order was entered, which did not rule

ECF No. 35. The Court also modified the briefing schedule for Hartford's anticipated sanctions motion. *Id.* Hartford subsequently filed this Motion, ECF No. 37, which was fully briefed as of May 31, 2024.[2]

## LEGAL STANDARDS

Under Rule 37(b)(2)(A), after "a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Such orders "may include," in relevant part, ones "dismissing the action or proceeding in whole or in part"; "striking pleadings in whole or in part"; "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims"; or "prohibiting the disobedient party from supporting or opposing designated claims or defenses. . . . " Fed. R. Civ. P. 37(b)(2)(A)(i)-(iii), (v). A latter provision of Rule 37 states that "[i]nstead of or in addition to the orders above, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

"A district court has 'wide discretion in imposing sanctions under Rule 37.'" *Export-Import Bank of Republic of China v. Democratic Republic of Congo*, No. 16 Civ. 4480, 2020 WL 6365014, at *2 (S.D.N.Y. Oct. 29, 2020) (quoting *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)).[3] "In *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298 (2d Cir.

---

[2] Plaintiff filed his Opposition on May 24, 2024, ECF No. 39, and Hartford filed its Reply on May 31, 2024, ECF No. 41.

[3] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Agiwal*, 555 F.3d at 302.

       1.  Willfulness of the Noncompliant Party

"A party's conduct will be deemed willful where the contravened orders were clear, the party being sanctioned understood the orders, and the non-compliance was within the party's control." *Barbera v. Grailed, LLC*, No. 24 Civ. 3535, 2025 WL 2098635, at *13 (S.D.N.Y. July 25, 2025). Clearly, "[a] party's persistent refusal to comply with discovery orders is evidence of willfulness." *Manta Indus. Ltd. v. Anand*, No. 16 Civ. 8308, 2024 WL 4872260, at *4 (S.D.N.Y. Nov. 22, 2024). But so is a party's "half-hearted attempt at compliance" with a court's discovery order. *Id.*

Plaintiff's noncompliance with this Court's discovery orders is clearly willful. Plaintiff repeatedly failed to provide Hartford with written responses to the company's discovery demands that complied with the Federal Rules of Civil Procedure and this District's Local Rules, even after being ordered to do so by the Court. And Plaintiff repeatedly failed to produce all documents responsive to Hartford's demands or to state that no such documents exist, as required by the applicable rules and this Court's orders. As described above,

- Plaintiff failed to comply with the discovery deadlines in the Case Management Plan "so ordered" by the Court.

- Plaintiff's failure to meaningfully participate in discovery prompted Hartford to file its first motion to compel. The Court ordered Plaintiff to respond to the allegations in Hartford's motion to compel. Plaintiff's response—filed after the Court-imposed deadline—"offer[ed] substantially no justification for his failure to timely complete discovery." ECF No. 18 at 1. The Court thus ordered Plaintiff to "respond to Defendant's document requests and interrogatories, produce all documents responsive to Defendant's document demands or state that no such documents exist, and reply to all requests to admit by February 9, 2024." *Id.*

- Plaintiff's subsequent discovery responses, though timely, were inadequate. The Court therefore ordered him to "produce responsive documents and information as soon as possible and no later than March 8, 2024." ECF No. 22.

discovery demands, with a separate entry corresponding to each interrogatory, request for production, and/or other discovery demand." ECF No. 31 at 1 (emphasis in original). The Order went on to state that "Plaintiff shall produce these verified discovery responses to Defendant by April 17, 2024." *Id.* at 2. It strains credulity to characterize the April 10 Order as unclear. Plaintiff renews this argument in his Opposition to the current Motion, arguing that he "was confused by" the April 10 order and that, as to the litigation as a whole, he has "tried his best to comply with the unclear objections and requirements." Pl.'s Mem. L. Opp'n Def.'s Mot. Sanctions ("Pl.'s Opp'n") at 6, 2, ECF No. 39. But Plaintiff never explains what about the April 10 Order, or any of the Court's discovery orders, was "confus[ing]" or "unclear." Starting with the Case Management Plan, each of the Court's discovery orders provided clear instructions to the parties, including Plaintiff. *See, e.g.*, ECF No. 22 ("Plaintiff shall produce responsive documents and information as soon as possible and no later than March 8, 2024."); ECF No. 27 (ordering Plaintiff to "amend his written responses to Defendant's discovery requests as soon as possible" and providing detailed instructions on how to do so); ECF No. 35 ("Plaintiff shall produce the numbered list of responses to Defendant's discovery demands, as described in the April 10 order, as soon as possible and no later than May 3, 2024."); ECF No. 36 ("It is hereby **ORDERED** that Plaintiff shall produce the required list of discovery responses to Defendant as soon as possible and file the required letter on ECF by May 8, 2024.") (emphasis in original). As the Court previously noted, any assertion by Plaintiff that he did not know he needed to produce discovery is "directly contradicted by the plain and unambiguous text of the Court's orders." ECF No. 35. At base, Plaintiff's arguments that the Court's orders were ambiguous, confusing, or unclear are utterly baseless.

Beyond excuses concerning purported ambiguities in the Court's orders and his inability to understand the Court's clear instructions, Plaintiff does not argue that his noncompliance with the Court's discovery orders was outside of his control. Plaintiff's only other argument is that

11

### 2. Efficacy of Lesser Sanctions

Disciplinary sanctions under Rule 37 are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

*Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). "The harshest sanctions available are preclusion of evidence and dismissal of the action." *Id.* Though "the sanction of dismissal under [Rule] 37 is a drastic remedy that should be imposed only in extreme circumstances," *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988), it is a necessary tool "to achieve the purpose of Rule 37 as a credible deterrent rather than a paper tiger," *Update Art*, 843 F.2d at 71.

Having closely reviewed the record, and having carefully reviewed the docket in this case, the Court holds that no sanctions would be more efficacious than dismissal. As explained above, Plaintiff has exhibited a pattern of willful noncompliance with the Court's discovery orders and has provided no satisfactory excuse for his doing so. It is not apparent than any lesser sanction would compel Plaintiff to begin complying with the Court's discovery orders. Indeed, the Court twice advised Plaintiff that such lesser sanctions, such as "the deeming of certain matters admitted," ECF No. 31 at 2, might be imposed if he continued to disobey the Court's orders. *See also* ECF No. 22 ("Plaintiff's counsel is apprised that failure to meaningfully participate in discovery and address Defendant's meritorious concerns may result in sanctions, including the deeming of certain matters admitted for purposes of any motion for summary judgment."). These warnings did not result in Plaintiff complying with the Court's discovery orders. And in the last instance of Plaintiff disregarding the Court's order that he provide Hartford with certain discovery, the Court warned Plaintiff that his "failure to comply . . . may result in sanctions, including dismissal of this action." ECF No. 36. Plaintiff ignored that order, too.

13

compliance lasted for the same or less duration." *Peterson*, 2013 WL 3467029, at *7 (citing cases). "Thus, the period of non-compliance strongly supports dismissal." *Id.*

### 4. Sufficiency of the Warnings

Generally, "severe sanctions like dismissal or default should be imposed only if the party has been warned that such a sanction will follow from continued non-compliance and has nevertheless refused to comply." *Urbont v. Sony Music Ent.*, No. 11 Civ. 4516, 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014). As explained above, Plaintiff was given no fewer than three warnings that his noncompliance with the Court's orders could result in sanctions, including the sanction of dismissal. *See* ECF Nos. 22, 31, 36. Plaintiff nonetheless continued to disregard or otherwise not comply with this Court's orders. He therefore "cannot seriously contend that he was not on notice of his discovery obligations or of the consequences of noncompliance." *Ramgoolie*, 333 F.R.D. at 38 (quoting *S. New Eng.*, 624 F.3d at 148). This factor also counsels in favor of dismissal pursuant to Rule 37.

* * *

"A court should not have to beg the parties before it to litigate the cases they initiate." *McLean v. City of New York*, No. 04 Civ. 8353, 2007 WL 415138, at *4 (S.D.N.Y. Feb. 6, 2007). Yet, here, the Court has done just that, repeatedly ordering Plaintiff to meaningfully participate in the discovery process. After five months of Plaintiff failing to comply with the Court's discovery orders, making "at best, a pathetic effort to do so," dispositive sanctions are warranted and appropriate. *Ramgoolie*, 333 F.R.D. at 38. Hartford's Motion is **GRANTED**, and this case is hereby **DISMISSED WITH PREJUDICE**. Because the Court holds that dismissal is warranted, it need not consider Hartford's alternative request for lesser sanctions pursuant to Rule 37(b)(2)(A)(i)-(ii).

alerted the Court that Plaintiff was not complying with the deadlines enumerated in the original Case Management Plan (a fact Plaintiff did not dispute). Plaintiff has therefore failed to convincingly argue that his failures to comply with multiple Court orders is justified, or that imposing an award of attorney's fees would be unjust. *Cf. Silva v. Cofresi*, No. 13 Civ. 3200, 2014 WL 3809095, at *5 (S.D.N.Y. Aug. 1, 2014) ("A party's conduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.").

Because the Court has found that Plaintiff disobeyed a court order, and because Plaintiff has failed to substantiate his claim that the imposition of attorney's fees would be unjust or that his failure to comply was justified, the Court "must" order Plaintiff, his attorney, or both to pay Hartford's "reasonable expenses . . . caused by [their] failure." Fed. R. Civ. P. 37(b)(2)(C). "This cost-shifting is mandatory." *Silva*, 2014 WL 3809095, at *5; *see also E.L.A. v. Abbott House, Inc.*, No. 16 Civ. 1688, 2020 WL 5682019, at *5 (S.D.N.Y. Sep. 24, 2020) ("[T]he Court *must* grant these sanctions unless Plaintiff's counsel establishes that his 'failure was substantially justified or other circumstances make an award of expenses unjust.'" (emphasis in original) (quoting Fed. R. Civ. P. 37(b)(2)(C)); *cf. Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008) ("We have never held that Rule 37(b)(2) expenses are mandatory and need not do so here, but . . . [t]he use of the word 'shall' certainly suggests that an award of expenses is mandatory unless one of the two exceptions—substantial justification or other circumstances—applies."). Thus, two questions are currently before the Court: who must pay Hartford's attorney's fees and how much is Hartford entitled to?

With respect to the first question, neither party's brief addresses the issue of who— Mr. Quhshi or his attorney, Mr. Altman—should be responsible for paying Hartford's attorney's fees. "Both logic and the text of Rule 37(b)(2)(C) dictate that a court may impose sanctions in a

- Hartford's Opening Brief and supporting documentation shall be due on October 27, 2025.

- Mr. Altman's Opposition, if any, shall be due November 17, 2025.

- Hartford's Reply, if any, shall be due November 24, 2025.

This Court will refer this issue to the assigned Magistrate Judge. An Order of Reference shall issue separately. The parties may also file a letter seeking a referral to the District's mediation program or to the assigned Magistrate Judge for purpose of settling the issue of fees, in which they may request a continuance of the briefing schedule, as appropriate.

## CONCLUSION

For the reasons explained above, Hartford's Motion for Sanctions pursuant to Rule 37 is **GRANTED**. This case shall be **DISMISSED WITH PREJUDICE**, but the Clerk of Court is respectfully directed to keep this case open pending resolution of the attorney's fees issue.

The Clerk of Court is respectfully requested to terminate ECF No. 37 .

SO ORDERED.

Dated: September 29, 2025

New York, New York

DALE E. HO
United States District Judge

STATE OF NEW YORK, COUNTY OF                                           SS:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

_____ **certification**        certify that the within
**by Attorney**        has been compared by me with the original and found to be a true and complete copy.

_____ **Attorney's**        state that I am

**affirmation**        the attorney(s) of record for                                          in the within
         action;    I have read the foregoing                          and know the contents thereof; the same is true
         to my knowledge, except as to the matters therein
         alleged to be on information and belief; and as to those matters I believe it to be true.
         The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:
I affirm that the foregoing statements are true, under the penalties of perjury.

                                                              _____
                                                              The name signed must be printed beneath

DATED:

STATE OF NEW YORK, COUNTY OF                                           SS:

I, the undersigned, being duly sworn, depose and say:

_**individual**        in the action; I have read the foregoing
**verification**                                        and know the contents thereof; the same is true to my own
         knowledge, except as to the matters therein stated to be alleged on information and belief,
         and as to those matters I believe it to be true.

_____ **corporation**        the                                        of
**verification**        a                                        corporation and a party in the within action; I have
         read the foregoing                          and know the contents thereof; the same is true to my knowledge,
         except as to the matters therein stated to be alleged upon information and belief; and as to those matters I believe it to be true. This
         verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:
Sworn to before me on the        day of                _____
                                                              The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF WESTCHESTER            ss:        ( if more than one box is checked - indicate after names type of service used)
I, the undersigned, being sworn, say:  I am not a party to the action, am over 18 years of age and reside at

The undersigned Attorney and Counselor-at-law, duly admitted to practice law  in the Courts of the State of New York, affirms,
under the penalty of perjury that:

On  10/10/25    /    I served the within  **Notice of Appeal**

_____ **service**        by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and
**by mail**        custody of the U.S. Postal Service within the New York State addressed to

_____ **Personal**        by delivering a true copy of each personally to each person named below at the address indicated.  I know
**service on**        each person served to be the person mentioned and described in said papers *as a party therein.*
**an individual**

_x___ **Service by**        by transmitting a copy to the following persons by ____ FAX at the telephone number set forth after each name below
**electronic**                ____E-Mail address set forth after each name below, which was designated by the attorney for such purpose,
**means**        and by by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody
         of the U.S. Postal Service within the New York State  to the address set forth after each name.

_____ **Overnight**        by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after
**Delivery**        each name below.
**Service**

**MENZ BONNER KOMAR & KOENIGSBERG LLP**
*Attorneys for Defendant*
*Hartford Underwriters Insurance Company*
800 Westchester Avenue, Suite 641-N
Rye Brook, New York 10573
Tel.: (914) 949-0222
(mkomar@mbkklaw.com)
(mdriscoll@mbkklaw.com)
Via ecf

                                                              _____
                                                              **Joseph A. Altman Esq.**

Affirm on the
10 day of October 2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

NAGI QUHSHI                                    INDEX NO:  23-cv-7935(jpo)
                              Plaintiffs,

          -against-

THE HARTFORD UNDERWRITERS INSURANCE COMPANY,
                              Defendants.
------------------------------------------------------------------------x

| **Notice of Appeal** |
|---|

Joseph A. Altman, P.C.
Attorney(s) for
Plaintiff
654 North Terrace Avenue
Fleetwood, New York 10552
718-328-0422

Service of a copy of the within
is hereby admitted.

TO:

Dated:

Attorney(s) for

PLEASE TAKE NOTICE:

| NOTICE OF ENTRY | NOTICE OF SETTLEMENT |
|---|---|
| that the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on | that an order                    of which the within is a true copy           will be presented to the Hon.           one of the judges of the within named Court, at on                 at                M. |
| Dated: | Dated: |
| Yours, etc. | Yours, etc. |
| Attorney for | Attorney for |
| Joseph A. Altman, P.C. 654 North Terrace Avenue Fleetwood, New York, 10552 | Joseph A. Altman, P.C. 654 North Terrace Avenue Fleetwood, New York, 10552 |

ATTORNEY'S CERTIFICATION

JOSEPH A. ALTMAN, ESQ. , an attorney duly admitted to the Courts of the state of New York, hereby certifies that the annexed **Notice of Appeal** is to the best of my knowledge and upon information and belief, formed after an inquiry reasonable under the circumstances, that the presentation of said papers or contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of 22 NYCRR.

APPEAL,CASREF,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:23-cv-07935-DEH-KHP

Quhshi v. The Hartford Underwriters Insurance Company

Assigned to: Judge Dale E. Ho

Referred to: Magistrate Judge Katharine H. Parker

Demand: $370,000

Cause: 28:1332in Diversity-Insurance Contract

Date Filed: 09/07/2023

Jury Demand: None

Nature of Suit: 110 Insurance

Jurisdiction: Diversity

### Plaintiff

**Nagi Quhshi**
      represented by  **Joseph Alan Altman**
Joseph A. Altman P.C.
654 North Terrace Avenue
Fleetwood, NY 10552
718-328-0422
Fax: 718-378-4898
Email: altmanesq@aol.com
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**The Hartford Underwriters Insurance Company**
      represented by  **Melissa Kelly Driscoll**
Menz Bonner Komar & Koenigsberg LLP
800 Westchester Avenue
Suite 641-N
Rye Brook, NY 10573
914-949-0222
Email: mdriscoll@mbkklaw.com
*ATTORNEY TO BE NOTICED*

**Michael Stephen Komar**
Menz Bonner Komar & Koenigsberg LLP
800 Westchester Avenue
Suite N-641
Rye Brook, NY 10573
914-949-0222
Email: mkomar@mbklawyers.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/07/2023 | 1 | NOTICE OF REMOVAL from Supreme Court, County of Bronx. Case Number: 811875/2023E. (Filing Fee $ 402.00, Receipt Number ANYSDC-28254263).Document filed by The Hartford Underwriters Insurance Company. (Attachments: # 1 Exhibit A - State Court Complaint).(Komar, Michael) (Entered: 09/07/2023) |

| 09/07/2023 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Hartford Fire Insurance Company, Corporate Parent The Hartford Financial Services Group, Inc. for The Hartford Underwriters Insurance Company. Document filed by The Hartford Underwriters Insurance Company..(Komar, Michael) (Entered: 09/07/2023) |
|---|---|---|
| 09/07/2023 | 3 | CIVIL COVER SHEET filed..(Komar, Michael) (Entered: 09/07/2023) |
| 09/08/2023 | | ***NOTICE TO ATTORNEY REGARDING CIVIL CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Michael Stephen Komar. The following case opening statistical information was erroneously selected/entered: County code Bronx;. The following correction(s) have been made to your case entry: the County code has been modified to XX Out of State;. (jgo) (Entered: 09/08/2023) |
| 09/08/2023 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge J. Paul Oetken. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(jgo) (Entered: 09/08/2023) |
| 09/08/2023 | | Magistrate Judge Katharine H. Parker is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (jgo) (Entered: 09/08/2023) |
| 09/08/2023 | | Case Designated ECF. (jgo) (Entered: 09/08/2023) |
| 09/08/2023 | 4 | ORDER: This case was removed from New York Supreme Court, Bronx County, on September 7, 2023. Counsel for the plaintiff is directed to file an appearance with this Court no later than September 29, 2023. Counsel for the defendant shall serve a copy of this order on counsel for the plaintiff by September 15, 2023. (Signed by Judge J. Paul Oetken on 9/8/2023) (ate) (Entered: 09/11/2023) |
| 09/14/2023 | 5 | ANSWER to Complaint (Notice of Removal). Document filed by The Hartford Underwriters Insurance Company..(Komar, Michael) (Entered: 09/14/2023) |
| 09/18/2023 | 6 | NOTICE OF APPEARANCE by Joseph Alan Altman on behalf of Nagi Quhshi..(Altman, Joseph) (Entered: 09/18/2023) |
| 09/19/2023 | 7 | ORDER: Counsel for all parties are directed to appear telephonically for an initial pretrial conference with the Court on October 4, 2023 at 10:00 a.m. Counsel should call (888) 557-8511 at the scheduled time. The access code is 9300838. Counsel who appear at the pretrial conference must be authorized to negotiate terms of settlement. Members of the public may join but are instructed to place their phones on mute. Initial Conference set for 10/4/2023 at 10:00 AM before Judge J. Paul Oetken. (Signed by Judge J. Paul Oetken on 9/19/2023) (ate) (Entered: 09/19/2023) |
| 09/19/2023 | 8 | NOTICE OF APPEARANCE by Melissa Kelly Driscoll on behalf of The Hartford Underwriters Insurance Company..(Driscoll, Melissa) (Entered: 09/19/2023) |
| 09/29/2023 | 9 | AMENDED ANSWER to. Document filed by The Hartford Underwriters Insurance Company..(Driscoll, Melissa) (Entered: 09/29/2023) |
| 09/29/2023 | 10 | PROPOSED CASE MANAGEMENT PLAN. Document filed by The Hartford Underwriters Insurance Company..(Driscoll, Melissa) (Entered: 09/29/2023) |

| 09/29/2023 | 11 | CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER: All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). Expert Deposition due by 3/8/2024. Fact Discovery due by 2/1/2024. Expert Discovery due by 3/8/2024. Ready for Trial by 4/22/2024. This case is to be tried to a jury. Counsel for the parties have conferred and their present best estimate of the length of trial is 2 days. The initial conference scheduled for October 4, 2023 is adjourned. The parties' proposed schedule is approved and so-ordered. The parties are directed to commence discovery promptly. The parties shall file a joint status letter by February 1, 2024. SO ORDERED. (Signed by Judge J. Paul Oetken on 9/29/2023) (mml) (Entered: 09/29/2023) |
|---|---|---|
| 10/10/2023 | | NOTICE OF CASE REASSIGNMENT to Judge Dale E Ho. Judge J. Paul Oetken is no longer assigned to the case..(kgo) (Entered: 10/10/2023) |
| 10/11/2023 | 12 | NOTICE OF REASSIGNMENT: This case has been reassigned to the undersigned. All counsel must familiarize themselves with the Court's Individual Practices, which are available at https://nysd.uscourts.gov/hon-dale-e-ho. Unless and until the Court orders otherwise, all prior orders, dates, and deadlines shall remain in effect notwithstanding the case's reassignment. (Signed by Judge Dale E Ho on 10/10/2023) (tg) (Entered: 10/11/2023) |
| 10/15/2023 | 13 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Nagi Quhshi. (Attachments: # 1 Affidavit AFFIDAVIT OF SERVICE).(Altman, Joseph) (Entered: 10/15/2023) |
| 01/11/2024 | 14 | LETTER MOTION for Discovery addressed to Judge Dale E. Ho from Melissa K. Driscoll dated January 11, 2024. Document filed by The Hartford Underwriters Insurance Company. (Attachments: # 1 Exhibit A - attempts to meet and confer, # 2 Exhibit B - email chain re compliance and plaintiff's demands, # 3 Exhibit C - email chain re plaintiff's document production, # 4 Exhibit D - document demands to plaintiff, # 5 Exhibit E - interrogatories to plaintiff, # 6 Exhibit F - requests to admit to plaintiff).(Driscoll, Melissa) (Entered: 01/11/2024) |
| 01/12/2024 | 15 | MEMO ENDORSEMENT: on re: 14 LETTER MOTION for Discovery. addressed to Judge Dale E. Ho from Melissa K. Driscoll dated January 11, 2024. filed by The Hartford Underwriters Insurance Company. ENDORSEMENT: Plaintiff shall file a letter, not to exceed three pages, in response by January 17, 2024. Such letter shall explain Plaintiff's efforts to diligently complete discovery by Court-ordered deadlines. So Ordered., ( Responses due by 1/17/2024) (Signed by Judge Dale E. Ho on 1/12/2024) (ama) (Entered: 01/12/2024) |
| 01/18/2024 | 16 | ORDER: It is hereby ORDERED that Plaintiff shall file the required letter as soon as possible and no later than January 19, 2024. (Signed by Judge Dale E. Ho on 1/18/2024) (ks) (Entered: 01/18/2024) |
| 01/19/2024 | 17 | LETTER addressed to Judge Dale E. Ho from Joseph Altman dated 1/19/2024 re: Quhshi v. Hartford. Document filed by Nagi Quhshi..(Altman, Joseph) (Entered: 01/19/2024) |
| 01/23/2024 | 18 | ORDER granting 14 Motion for Discovery. It is hereby ORDERED that Defendant's request for an order compelling discovery is GRANTED. Plaintiff shall respond to Defendant's document requests and interrogatories, produce all documents responsive to Defendant's document demands or state that no such documents exist, and reply to all requests to admit by February 9, 2024. It is further ORDERED that Plaintiffs request for thirty days subsequent to its responses to Defendant's discovery demands in which to complete depositions is GRANTED. The parties shall complete any depositions and all fact discovery by March 11, 2024. The parties shall complete any expert discovery by April 26, 2024. The parties shall appear for a case management conference on May 8, |

| | | |
|---|---|---|
| | | 2024, at 2:00 P.M. EST. The parties shall join the conference by dialing (646) 453 4442 and entering the Conference ID: 805 373 619, followed by the pound sign (#). The parties shall file a joint status letter by May 1, 2024. Such letter shall state whether either party intends to file a dispositive motion and, if so, shall briefly describe the grounds for such motion. The letter shall also include a statement as to whether the parties would like a referral for settlement discussions before the assigned Magistrate Judge or through the District's Mediation Program. In light of the procedural history of this case, Plaintiff is apprised that further extensions of the discovery schedule will not be granted absent a showing of extraordinary circumstances. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 14. (Signed by Judge Dale E. Ho on 1/23/2024) (ks) (Entered: 01/23/2024) |
| 01/23/2024 | | Set/Reset Deadlines: ( Deposition due by 3/11/2024., Expert Discovery due by 4/26/2024., Fact Discovery due by 3/11/2024.), Set/Reset Hearings:( Telephone Conference set for 5/8/2024 at 02:00 PM before Judge Dale E. Ho.) (ks) (Entered: 01/23/2024) |
| 02/15/2024 | 19 | FIRST LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Dale E. Ho from Melissa K. Driscoll dated February 15, 2024. Document filed by The Hartford Underwriters Insurance Company. (Attachments: # 1 Proposed Order Proposed Case Management Plan & Scheduling Order, # 2 Exhibit A - Plaintiff's Response to Interrogatories, # 3 Exhibit B - Plaintiff's Response to Requests to Admit, # 4 Exhibit C - Plaintiff's Response to Document Demands and Demands).(Driscoll, Melissa) (Entered: 02/15/2024) |
| 02/16/2024 | 20 | MEMO ENDORSEMENT: on re: 19 FIRST LETTER MOTION for Extension of Time to Complete Discovery. addressed to Judge Dale E. Ho from Melissa K. Driscoll dated February 15, 2024 filed by The Hartford Underwriters Insurance Company. ENDORSEMENT: Plaintiff shall file letter, not to exceed three pages, by February 21, 2024, addressing the deficiencies identified in Defendant's letter and explaining his efforts to diligently complete discovery by previously ordered timelines. Decision is reserved on Defendant's request for an extension of discovery. So Ordered. (Signed by Judge Dale E. Ho on 2/16/2024) (ama) (Entered: 02/16/2024) |
| 02/21/2024 | 21 | LETTER addressed to Judge Dale E. Ho from Joseph Altman dated 2/21/24 re: Quhshi v. Hartford. Document filed by Nagi Quhshi. (Attachments: # 1 Exhibit Plaintiff's Response to the Defendnat's 1st Set of Interrogatories, # 2 Exhibit Plaintiff's Response to the Defendant's Requests for Production of Documents, # 3 Exhibit Plaintiff's Response to the Defendant's Request to Admit).(Altman, Joseph) (Entered: 02/21/2024) |
| 02/22/2024 | 22 | ORDER granting in part 19 Letter Motion for Extension of Time to Complete Discovery. Application GRANTED IN PART. An order issued January 23, 2024, directed Plaintiff to respond to Defendant's discovery demands by February 9, 2024. The parties' letters and exhibits make clear that Plaintiff did not adequately do so. For example, the word "employees" is insufficient to identify "persons with knowledge or information concerning the allegations in the Complaint and... the subjects of their knowledge or information." The parties shall meet and confer regarding the deficiencies in Plaintiff's responses, as identified in Defendant's letter, and Plaintiff shall produce responsive documents and information as soon as possible and no later than March 8, 2024. The parties will complete depositions by April 5, 2024. The parties will complete fact discovery by April 19, 2024, and expert discovery by June 7, 2024. Plaintiff's counsel is apprised that failure to meaningfully participate in discovery and address Defendant's meritorious concerns may result in sanctions, including the deeming of certain matters admitted for purposes of any motion for summary judgment. The conference scheduled for May 8, 2024, is ADJOURNED to June 21, 2024, at 2:00 P.M. EST. The parties shall join the conference by dialing (646) 453 - 4442 and entering the conference ID: 805 373 619, followed by the |

| | | |
|---|---|---|
| | | pound sign (#). The parties shall file the required status letter by June 12, 2024. So Ordered. (Signed by Judge Dale E. Ho on 2/22/2024) (jca) (Entered: 02/22/2024) |
| 02/22/2024 | | Set/Reset Deadlines: (Deposition due by 4/5/2024., Expert Discovery due by 6/7/2024., Fact Discovery due by 4/19/2024.), Set/Reset Hearings: (Telephone Conference set for 6/21/2024 at 02:00 PM before Judge Dale E. Ho.) (jca) (Entered: 02/22/2024) |
| 03/21/2024 | 23 | LETTER MOTION for Extension of Time to Complete Discovery , *Discovery Dispute and Request for Conference* addressed to Judge Dale E. Ho from Melissa K. Driscoll dated March 21, 2024. Document filed by The Hartford Underwriters Insurance Company. (Attachments: # 1 Exhibit A - March 8, 2024 Emails, # 2 Exhibit B - March 10, 2024 Emails).(Driscoll, Melissa) (Entered: 03/21/2024) |
| 03/22/2024 | 24 | ORDER with respect to 23 Letter Motion for Extension of Time to Complete Discovery. Plaintiff shall file a letter, not to exceed two pages, by March 27, 2024. Such letter shall explain why Plaintiff's responses to Defendant's discovery requests comply with the Court's prior orders regarding deficiencies in his responses, see ECF Nos. 18, 22. So Ordered. (Signed by Judge Dale E. Ho on 3/22/2024) (jca) (Entered: 03/22/2024) |
| 03/23/2024 | 25 | NOTICE TO TAKE DEPOSITION of The Hartford Underwriters Insurance Company on 4/5/24 at 2:00 PM.Document filed by Nagi Quhshi. (Attachments: # 1 Affidavit Affidavit of Service).(Altman, Joseph) (Entered: 03/23/2024) |
| 03/27/2024 | 26 | LETTER addressed to Judge Dale E. Ho from Joseph Altman dated March 27, 2024 re: Quhshi v. Hartford Underwriters Insurance Company. Document filed by Nagi Quhshi.. (Altman, Joseph) (Entered: 03/27/2024) |
| 03/28/2024 | 27 | ORDER granting in part and denying in part 23 Letter Motion for Extension of Time to Complete Discovery. Application GRANTED IN PART. Defendant's letter describes Plaintiff's failure to issue amended written responses to Defendant's requests for production and interrogatories, and his failure to identify his employees or the subjects about which certain identified witnesses can testify. Plaintiff's letter of March 27, 2024, states that Plaintiff "can certify each response"; that he has identified himself, his son Omar Quhshi, and two adjusters as people with knowledge of the claim; and that Defendant has all relevant files from a third party. Plaintiff shall amend his written responses to Defendant's discovery requests as soon as possible. Notwithstanding Plaintiff's claim that certain documents are self-identifying, he shall certify which documents are responsive to each of Defendant's requests for production. Plaintiff shall also certify that he has produced all information and documents in his possession, irrespective of any third-party productions to Defendant. In light of the outstanding document discovery, Defendant's request for adjournment of the deadline by which to take depositions is GRANTED. Defendant's request for a conference is DENIED, without prejudice to renewal. Defendant shall file a letter regarding Plaintiff's amended discovery responses by April 5, 2024, presenting any remaining issues in need of judicial resolution. Such letter shall renew Defendant's request for a conference, if necessary. Such letter shall also propose a new deadline by which to complete depositions and fact discovery. Plaintiff is apprised that due to the procedural history of this case, further requests for extension or opportunities to correct deficient discovery responses will not be granted absent extraordinary circumstances. So Ordered. The Clerk of Court is respectfully directed to close the motion at ECF No. 23.. (Signed by Judge Dale E. Ho on 3/28/2024) (ks) (Entered: 03/28/2024) |
| 04/05/2024 | 28 | LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Dale E. Ho from Melissa K. Driscoll dated April 5, 2024. Document filed by The Hartford Underwriters Insurance Company..(Driscoll, Melissa) (Entered: 04/05/2024) |
| 04/08/2024 | 29 | ORDER granting 28 Letter Motion for Extension of Time to Complete Discovery. Application GRANTED. The parties shall appear at a conference on April 10, 2024, at |

| | | |
|---|---|---|
| | | 2:00 P.M. EST. The conference will be telephonic and the parties shall join the conference by dialing (646) 453 - 4442 and entering the conference ID: 467 069 183, followed by the pound sign (#). Plaintiff shall be prepared to discuss how his responses to Defendant's discovery requests meaningfully comply with the Court's repeated orders. Decision is reserved on new discovery deadlines. So Ordered.. (Signed by Judge Dale E. Ho on 4/8/2024) (ks) (Entered: 04/08/2024) |
| 04/08/2024 | | Set/Reset Hearings: Telephone Conference set for 4/10/2024 at 02:00 PM before Judge Dale E. Ho. (ks) (Entered: 04/08/2024) |
| 04/10/2024 | 30 | LETTER addressed to Judge Dale E. Ho from Joseph Altman dated April 10, 2024 re: today's telephone conference. Document filed by Nagi Quhshi..(Altman, Joseph) (Entered: 04/10/2024) |
| 04/10/2024 | | Minute Entry for proceedings held before Judge Dale E. Ho: Discovery Hearing held via Microsoft Teams Teleconference on 4/10/2024. Attorney Joseph A. Altman present on behalf of Plaintiff. Attorney Melissa K. Driscoll present on behalf of Defendant. (nm) (Entered: 04/10/2024) |
| 04/10/2024 | 31 | ORDER: It is further ORDERED that the deadline in which to complete fact discovery is ADJOURNED to June 7, 2024. The parties shall complete expert discovery by July 26, 2024. The case management conference scheduled for June 21, 2024, is ADJOURNED to August 7, 2024, at 11:00 A.M. EST. The parties shall join the conference by dialing (646) 453 4442 and entering the Conference ID: 805 373 619, followed by the pound sign (#). ( Expert Discovery due by 7/26/2024., Fact Discovery due by 6/7/2024.), ( Telephone Conference set for 8/7/2024 at 11:00 AM before Judge Dale E. Ho.) (Signed by Judge Dale E. Ho on 4/10/2024) (ate) (Entered: 04/10/2024) |
| 04/22/2024 | 32 | LETTER MOTION for Discovery *and Sanctions* addressed to Judge Dale E. Ho from Melissa K. Driscoll dated April 22, 2024. Document filed by The Hartford Underwriters Insurance Company..(Driscoll, Melissa) (Entered: 04/22/2024) |
| 04/23/2024 | 33 | ORDER granting 32 Letter Motion for Discovery. An order issued April 10, 2024, directed Plaintiff to provide verified discovery responses by April 17, 2024. See ECF No. 31. Defendant's letter states that, notwithstanding this order and three prior orders directing Plaintiff to provide adequate discovery responses, Plaintiff has not provided any additional responses. Plaintiff shall provide his verified discovery responses as required by the April 10, 2024, order to Defendant as soon as possible and shall file a letter on ECF confirming that he has done so no later than April 26, 2024. The June 7, 2024, deadline in which to complete fact discovery remains in place. Defendant shall file its motion for sanctions by May 3, 2024. Plaintiff shall file his opposition by May 17, 2024. Defendant shall file its reply by May 24, 2024. So Ordered.. (Signed by Judge Dale E. Ho on 4/23/2024) (ks) (Entered: 04/23/2024) |
| 04/23/2024 | | Set/Reset Deadlines: Motions due by 5/3/2024. Responses due by 5/17/2024 Replies due by 5/24/2024. (ks) (Entered: 04/23/2024) |
| 04/29/2024 | 34 | LETTER addressed to Judge Dale E. Ho from Joseph Altman dated 4/29/24 re: Quhshi v. Hartford Underwriters Insurance Company. Document filed by Nagi Quhshi..(Altman, Joseph) (Entered: 04/29/2024) |
| 04/29/2024 | 35 | MEMO ENDORSEMENT on re: 34 Letter filed by Nagi Quhshi. ENDORSEMENT: An order issued on April 10, 2024, directed Plaintiff to "produce to Defendant a numbered list of Defendant's discovery demands, with a separate entry corresponding to each interrogatory, request for production, and/or other discovery demand." See ECF No. 31. That order continued that "[f]or requests for production of documents, Plaintiff shall identify the documents that are responsive to each of Defendant's requests, notwithstanding any claim that documents are self-identifying" and that "[i]f Plaintiff does not have |

| | | |
|---|---|---|
| | | documents responsive to a request for production or information responsive to an interrogatory, Plaintiff shall state as much in the proper place." Id. That order also referred to Plaintiff's "further non-compliance" with Court orders with respect to discovery responses, warning Plaintiff that such continued non-compliance may result in sanctions. Id. In the endorsed letter, Plaintiff states that this order "did not rule that the Plaintiff needed to further respond." This statement is contradicted by the plain text of the April 10 order. If Plaintiff somehow believed in good faith that the April 10 order did not require him to produce anything further, then an order issued April 23, 2024, should have dispelled this notion. See ECF No. 33. That order stated: "An order issued April 10, 2024, directed Plaintiff to provide verified discovery responses by April 17, 2024. Defendant's letter states that, notwithstanding this order and three prior orders directing Plaintiff to provide adequate discovery responses, Plaintiff has not provided any additional responses. Plaintiff shall provide his verified discovery responses as required by the April 10, 2024, order to Defendant as soon as possible[.]" Id. (citation omitted and emphasis added). That order also set a briefing schedule for Defendant's anticipated motion for sanctions. Plaintiff's statements in the endorsed letter are directly contradicted by the plain and unambiguous text of the Court's orders. Plaintiff shall comply with the April 10 and April 23 orders. Plaintiff shall produce the numbered list of responses to Defendant's discovery demands, as described in the April 10 order, as soon as possible and no later than May 3, 2024. Plaintiff may not rely on previous discovery responses in fulfilling this obligation. Plaintiff shall file a letter on ECF by May 3, 2024, affirming that he has done so. The briefing schedule for Defendant's sanctions motion is modified as follows: Defendant shall file its motion for sanctions by May 10, 2024. Plaintiff shall file his opposition by May 24, 2024. Defendant shall file its reply by June 4, 2024. So Ordered. ( Motions due by 5/10/2024., Replies due by 6/4/2024., Responses due by 5/24/2024) (Signed by Judge Dale E. Ho on 4/29/2024) (tg) (Entered: 04/29/2024) |
| 05/06/2024 | 36 | ORDER: It is hereby ORDERED that Plaintiff shall produce the required list of discovery responses to Defendant as soon as possible and file the required letter on ECF by May 8, 2024. Plaintiff is advised that failure to comply with the Courts orders may result in sanctions, including dismissal of this action. (Signed by Judge Dale E. Ho on 5/6/2024) (ks) (Entered: 05/06/2024) |
| 05/09/2024 | 37 | MOTION for Sanctions . Document filed by The Hartford Underwriters Insurance Company. Return Date set for 5/31/2024 at 10:00 AM. (Attachments: # 1 Supplement Memorandum of Law in Support, # 2 Affidavit Attorney Declaration of Michael S. Komar, # 3 Exhibit A - Case Management Plan and Scheduling Order, # 4 Exhibit B - Hartfords First Set of Requests for Production of Documents, # 5 Exhibit C - Hartfords First Set of Interrogatories, # 6 Exhibit D - Hartfords First Set of Requests for Admissions, # 7 Exhibit E - Hartfords January 11, 2024 letter submission, # 8 Exhibit F - Order dated January 12, 2024, # 9 Exhibit G - Courts Order dated January 18, 2024, # 10 Exhibit H - Plaintiffs January 19, 2024 letter submission, # 11 Exhibit I - Courts Order dated January 23, 2024, # 12 Exhibit J - Hartfords February 15, 2024 letter submission, # 13 Exhibit K - Courts Order dated February 16, 2024, # 14 Exhibit L - Plaintiffs February 21, 2024 letter submission, # 15 Exhibit M - Courts Order dated February 22, 2024, # 16 Exhibit N - Hartfords March 21, 2024 letter submission, # 17 Exhibit O - Courts Order dated March 22, 2024, # 18 Exhibit P - Plaintiffs March 27, 2024 letter submission, # 19 Exhibit Q - Courts Order dated March 28, 2024, # 20 Exhibit R - Hartfords April 5, 2024 letter submission, # 21 Exhibit S - April 8, 2024 email from Plaintiffs counsel to Hartfords counsel, # 22 Exhibit T - Courts Order dated April 8, 2024, # 23 Exhibit U - Plaintiffs April 10, 2024 letter submission, # 24 Exhibit V - Courts Order dated April 10, 2024, # 25 Exhibit W - Hartfords April 22, 2024 letter submission, # 26 Exhibit X - Courts Order dated April 23, 2024, # 27 Exhibit Y - Plaintiffs April 29, 2024 letter submission, # 28 Exhibit Z - Courts Order dated April 29, 2024, # 29 Exhibit AA - Courts Order dated May 6, 2024, # 30 Exhibit BB - Invoice for services rendered inDecember 2024 to January |

| | | |
|---|---|---|
| | | 2024, # 31 Exhibit CC - Invoice for services rendered in February 2024 to March 2024, # 32 Exhibit DD - Invoice for services rendered in April 2024, # 33 Exhibit EE - Timesheet for services rendered from May 1, 2024 to May 8, 2024).(Komar, Michael) (Entered: 05/09/2024) |
| 05/10/2024 | 38 | ORDER: It is hereby ORDERED that the deadlines in which to complete fact and expert discovery and the post-discovery case management conference are ADJOURNED, pending adjudication of Defendant's motion for sanctions and further order from the Court regarding next steps in this litigation. In accordance with the order issued April 29, 2024, Plaintiff shall file any opposition to the motion for sanctions by May 24, 2024. Defendant shall file any reply by June 4, 2024. If no opposition is filed by May 24, 2024, the motion will be deemed fully-briefed and adjudicated. (Signed by Judge Dale E. Ho on 5/10/2024) ( Responses due by 5/24/2024, Replies due by 6/4/2024.) (ks) (Entered: 05/10/2024) |
| 05/24/2024 | 39 | MEMORANDUM OF LAW in Opposition re: 37 MOTION for Sanctions . . Document filed by Nagi Quhshi..(Altman, Joseph) (Entered: 05/24/2024) |
| 05/24/2024 | 40 | AFFIRMATION of Joseph A. Altman, Esq., in Opposition re: 37 MOTION for Sanctions .. Document filed by Nagi Quhsh. (Attachments: # 1 Exhibit A - PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES, DATED FEBRUARY 9, 2024, # 2 Exhibit B - PLAINTIFFS RESPONSE TO THE DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANYS REQUESTS FOR PRODUCTION OF DOCUMENTS, DATED FEBRUARY 9, 2024, # 3 Exhibit C - PLAINTIFFS RESPONSE TO THE DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANYS REQUESTS TO ADMIT, DATED FEBRUARY 9, 2024, # 4 Exhibit D - E-MAIL FROM JOSEPH ALTMAN TO MICHEL KOMAR AND MELISSA DRISCOLL, DATED MARCH 8, 2024, # 5 Exhibit E - E-MAIL FROM JOSEPH ALTMAN TO MICHAEL KOMAR ANDMELISSA DRISCOLL, DATED MARCH 10, 2024, # 6 Exhibit F - PLAINTIFFS SUPPLEMENTAL RESPONSE TO THE DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANYS FIRST SET OF INTERROGATORIES TO PLAINTIFF, DATED APRIL 4, 2024, WITH COVER LETTER, # 7 Exhibit G - PLAINTIFFS SUPPLEMENTAL RESPONSE TO THE DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANYS REQUESTS FOR PRODUCTION OF DOCUMENTS, DATED APRIL 4, 2024, # 8 Exhibit H - PLAINTIFFS 2ND SUPPLEMENTAL RESPONSE TO THE DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANYS FIRST SET OF INTERROGATORIES, DATED MAY 22, 2024, # 9 Exhibit I - PLAINTIFF'S 2ND SUPPLEMENTAL RESPONSE TO THE DEFENDANT UNDERWRITERS INSURANCE COMPANYS REQUESTS FOR PRODUCTION OF DOCUMENTS, DATED MAY 22, 2024, WITH EXHIBIT 1, 14 & 27 ANNEXED HERETO, # 10 Exhibit J - PLAINTIFF'S 2ND SUPPLEMENTAL RESPONSE TO THE DEFENDANT UNDERWRITERS INSURANCE COMPANYS REQUESTS FOR PRODUCTION OF DOCUMENTS, DATED MAY 22, 2024, WITH EXHIBIT 7A, 24B, 33C & 33D ANNEXED HERETO, # 11 Exhibit K - U.S. INDIVIDUAL INCOME TAX RETURN FOR THE YEAR 2022, # 12 Exhibit L - PHOTOGRAPHS OF ACCIDENT SITE AND U.S. INDIVIDUAL INCOME TAX RETURN FOR THE YEAR 2022, # 13 Exhibit M - PHOTOGRAPHS).(Altman, Joseph) (Entered: 05/24/2024) |
| 05/31/2024 | 41 | REPLY MEMORANDUM OF LAW in Support re: 37 MOTION for Sanctions . . Document filed by The Hartford Underwriters Insurance Company..(Komar, Michael) (Entered: 05/31/2024) |
| 04/03/2025 | 42 | SUPPLEMENTAL RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Hartford Fire Insurance Company, Corporate Parent The Hartford Insurance Group, Inc. for The Hartford Underwriters Insurance Company. Document filed |

| | | |
|---|---|---|
| | | by The Hartford Underwriters Insurance Company..(Driscoll, Melissa) (Entered: 04/03/2025) |
| 09/29/2025 | 43 | OPINION AND ORDER re: 37 MOTION for Sanctions . filed by The Hartford Underwriters Insurance Company. For the reasons explained above, Hartford's Motion for Sanctions pursuant to Rule 37 is GRANTED. This case shall be DISMISSED WITH PREJUDICE, but the Clerk of Court is respectfully directed to keep this case open pending resolution of the attorney's fees issue. The Clerk of Court is respectfully requested to terminate ECF No. 37. SO ORDERED. (Signed by Judge Dale E. Ho on 9/29/2025) (ks) (Entered: 09/29/2025) |
| 10/03/2025 | 44 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Specific Non-Dispositive Motion/Dispute Defendant's Attorney's Fees Pursuant to Rule 37. Referred to Magistrate Judge Katharine H. Parker. SO ORDERED. (Signed by Judge Dale E. Ho on 9/29/25) (yv) (Entered: 10/06/2025) |
| 10/10/2025 | 45 | NOTICE OF APPEAL from 43 Memorandum & Opinion,,. Document filed by Nagi Quhshi. Filing fee $ 605.00, receipt number BNYSDC-31834973. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Altman, Joseph) (Entered: 10/10/2025) |
| 10/10/2025 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 45 Notice of Appeal.(km) (Entered: 10/10/2025) |
| 10/10/2025 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 45 Notice of Appeal filed by Nagi Quhshi were transmitted to the U.S. Court of Appeals.(km) (Entered: 10/10/2025) |
| 10/13/2025 | 46 | LETTER addressed to Judge Dale E. Ho from Joseph A. Altman dated 10/13/2025 re: Legal Fees. Document filed by Nagi Quhshi..(Altman, Joseph) (Entered: 10/13/2025) |
| 10/21/2025 | 47 | LETTER MOTION to Stay re: 46 Letter, 43 Memorandum & Opinion,, addressed to Judge Dale E. Ho from Melissa K. Driscoll dated October 21, 2025. Document filed by The Hartford Underwriters Insurance Company. (Attachments: # 1 Proposed Order Stipulation and Proposed Order).(Driscoll, Melissa) (Entered: 10/21/2025) |
| 10/23/2025 | 48 | STIPULATION AND ORDER: THEREFORE, the parties hereby stipulate and agree as follows: DASED ON THE FOREGOING STIPULATIONS, IT IS HEREBY ORDERED A FOLLOWS: As further set forth in this Order. 1. Plaintiff's attorney, Joseph A. Altman, is ordered to deposit $12,500 with the Clerk of Court, to be held in an interest bearing account. 2. Pol lowing n decision by the Second Circuit Court of Appeals. the parties shall write to the Court requesting n release of the funds deposited into the Court in accordance with the terms set forth in the above stipulation. 3. This Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this S11pulnted Judgment and Order. (Signed by Judge Dale E. Ho on 10/22/2025) (ks) (Entered: 10/23/2025) |

| Description: | Docket Report | Search Criteria: | 1:23-cv-07935-DEH-KHP |
|---|---|---|---|
| Billable Pages: | 9 | Cost: | 0.90 |